Per Curiam.

Plaintiff, the father of a matriculated student at New York University has been awarded a refund of tuition for instruction time claimed to have been lost by his son because classes were suspended on May 7, 1970, following the anti-war student demonstrations which developed at the University after the announcement that American troops had been ordered into Cambodia and the tragic events at Kent State University in Ohio on May 4, 1970, during which four students were shot and killed by a unit of the National Uuard. We reverse.
Private colleges and universities are governed on the principle of self-regulation, free to a large degree, from judicial restraints (Education Law, § 226, subd. 10), and they have inherent authority to maintain order on their campuses. In the light of the events on the defendant’s campus and in college communities throughout the country on May 4 to 5, 1970, the court erred in substituting its judgment for that of the University administrators and in concluding that the University was unjustified in suspending classes for the time remaining in the school year prior to the examination period. Moreover, while in a strict sense, a student contracts with a college or university for a number of courses to be given during the academic year, the services rendered by the university cannot be measured by the time spent in a classroom. The circumstances of the relationship permit the implication that the professor or the *93 college may make minor changes in this regard. The insubstantial change made in the schedule of classes does not permit a recovery of tuition. We conclude that substantial justice was not done between the parties “ according to the rules and principles of substantive law ” (CCA, § 1807).
The judgment should be reversed, without costs, and complaint dismissed.
Concur — Strbit, J. P., Gold and Quinn, JJ.
Judgment reversed, etc.